# ORIGINAL

FILED

1    UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF FLORIDA
2              TAMPA DIVISION                    JAN 21 AM 9:39

3    _____
                                      )
4    FEDERAL TRADE COMMISSION,        )
               Plaintiff,             )
5                                     )
          v.                          )
6                                     )    Civil Action No.
     TRADENET MARKETING, INC.,        )
7     a corporation,                  )    99-944-CIV-T-24B
     L.W. COOPER,                     )
8     individually and as an officer of )
     Tradenet Marketing, Inc.,        )
9    ALBERTO GUERRERO,                )
      individually and as an officer of )
10   Tradenet Marketing, Inc.,        )
     TOP MARKETING BUSINESS CONSULTING, INC. )
11    a corporation, and             )
     ERWIN RICHARD ANNAU,            )
12    individually and as an officer of )
     Top Marketing Business Consulting, Inc.,)
13             Defendants.            )
     _____)

14

15

16              **STIPULATED FINAL JUDGMENT**

17        WHEREAS:  Plaintiff, the Federal Trade Commission ("FTC" or

18   the "Commission") commenced this action by filing the Complaint

19   herein; defendants have waived service of the Summons and

20   Complaint; the parties have been represented by the attorneys whose

21   names appear hereafter; and the parties have agreed to the

22   settlement of this action upon the following terms and conditions,

23   without adjudication of any issue of fact or law and without

24   defendants admitting liability for any of the matters alleged in

25   the Complaint;

26        THEREFORE, on the joint motion of plaintiff and defendants, it

27   is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

28

ATTORNEY REG # 119
DOCUMENT # 915-929

**DEFINITIONS**

1.  "Defendants" means Top Marketing Business Consulting, Inc. ("Top Marketing"), Erwin Richard Annau ("Annau"), their successors and assigns, and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them who receive actual notice of this Stipulated Final Judgment ("Judgment") by personal service or otherwise.

2.  "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

3.  "Laundry product" means any product used in the process of refurbishing textiles, including but not limited to products described as replacing detergents or bleaches, whether referred to as "boosters" or "brighteners," and products described as changing the nature of water by any means that will have a beneficial effect on washing, including water filters, water filtration systems, water purification systems, or water cleaning systems.

4.  "Consumer" means a purchaser (including purchasers for resale) of one or more products sold by Defendants, whether or not purchased directly from Defendants.

**FINDINGS**

5.  This Court has jurisdiction of the subject matter and of the parties;

6.  The Complaint states a claim upon which relief may be

1 granted against Top Marketing and Annau under Sections 5(a) and
2 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a) and
3 53(b);

4     7.  Venue is proper as to all parties in the Middle District
5 of Florida;

6     8.  The activities of Top Marketing and Annau are in or
7 affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44; and

8     9.  Top Marketing and Annau have waived all rights that may
9 arise under the Equal Access to Justice Act, 28 U.S.C. § 2412,
10 <u>amended by</u> Pub. L. 104-121, 110 Stat. 847, 863-64 (1996).

11 **ORDER**

12 **I. PROHIBITED CLAIMS FOR CERTAIN PRODUCTS**

13 **IT IS HEREBY ORDERED THAT** Defendants, directly or through any
14 corporation, subsidiary, division, distributor, or other device, in
15 connection with the advertising, promotion, offering for sale,
16 sale, or distribution of The Laundry Solution, The SuperGlobe, or
17 any substantially similar product, in or affecting commerce, are
18 hereby permanently enjoined from representing in any manner,
19 expressly or by implication:

20     A.  that such product cleans as well as conventional
21 laundry detergent;

22     B.  that such product cleans laundry by emitting a
23 negative charge that forces positively charged dirt to leave
24 fabric; or

25     C.  that such product's active ingredients are
26 "structured water," "$I_E$ crystals," "$I_E$ solution," or "$I_E$
27 structures."

28

1    **II.   CLAIMS REQUIRED TO BE TRUE AND SUBSTANTIATED**

2        **IT IS FURTHER ORDERED THAT** Defendants, directly or through any

3    corporation, subsidiary, division, distributor, or other device, in

4    connection with the advertising, promotion, offering for sale,

5    sale, or distribution of any product, in or affecting commerce, are

6    hereby enjoined from making any representation in any manner,

7    expressly or by implication:

8            A.   that such product cleans as well as conventional

9    laundry detergent;

10           B.   that such product cleans laundry by emitting a

11   negative charge that forces positively charged dirt to leave

12   fabric; or

13           C.   that such product's active ingredients are

14   "structured water," "$I_E$ crystals," "$I_E$ solution," or "$I_E$

15   structures"; or

16           D.   regarding such product's comparative or absolute

17   efficacy, benefits, mechanism of action, or performance;

18   unless the representation is true and, at the time it is made,

19   Defendants possess and rely upon competent and reliable scientific

20   evidence that substantiates the representation.

21       **III.   CLAIMS ABOUT TESTS, STUDIES OR RESEARCH**

22       **IT IS FURTHER ORDERED THAT** Defendants, directly or through any

23   corporation, subsidiary, division, distributor, or other device, in

24   connection with the advertising, promotion, offering for sale,

25   sale, or distribution of any product, in or affecting commerce, are

26   hereby enjoined from misrepresenting, in any manner, expressly or

27   by implication, the existence, contents, validity, results,

28   conclusions, or interpretations of any test, study, or research.

1     **IV.  CLAIMS MADE THROUGH TESTIMONIALS AND/OR ENDORSEMENTS**

2     **IT IS FURTHER ORDERED THAT** Defendants, directly or through any

3     corporation, subsidiary, division, distributor, or other device, in

4     connection with the advertising, promotion, offering for sale,

5     sale, or distribution of any product, in or affecting commerce, are

6     hereby enjoined from representing in any manner, expressly or by

7     implication, that the experience represented by any user

8     testimonial or endorsement of such product represents the typical

9     or ordinary experience of members of the public who use the

10    product, unless:

11          A.   The representation is true and, at the time it is

12    made, Defendants possess and rely upon competent and reliable

13    scientific evidence that substantiates the representation; or,

14          B.   Defendants disclose clearly and prominently, and in

15    close proximity to the endorsement or testimonial, either:

16               (1)   what the generally expected results would be

17    for users of the product, or

18               (2)   the limited applicability of the endorser's

19    experience to what consumers may generally expect to achieve, that

20    is, that consumers should not expect to experience similar results.

21    For purposes of this Paragraph, "endorsement" shall mean as defined

22    in 16 C.F.R. § 255.0(b).

23                         **V. ENVIRONMENTAL CLAIMS**

24    **IT IS FURTHER ORDERED THAT** Defendants, directly or through any

25    corporation, subsidiary, division, distributor, or other device, in

26    connection with the advertising, promotion, offering for sale,

27    sale, or distribution of any product, in or affecting commerce, are

28    hereby enjoined from making any representation, in any manner,

1 expressly or by implication:

2      A.  that such product is a solution to the problems of

3 pollution of rivers, streams, lakes, and oceans;

4      B.  regarding such product's comparative or absolute

5 safety to individuals or to the environment; or

6      C.  such product's environmental benefits;

7 unless, at the time the representation is made, Defendants possess

8 and rely upon competent and reliable scientific evidence that

9 substantiates the representation.

10                 **VI.  PROHIBITED ACTIVITIES**

11     **IT IS FURTHER ORDERED THAT** Defendants are hereby enjoined from

12 providing knowing substantial assistance to others to engage in any

13 of the activities prohibited by Paragraphs I through V of this

14 Judgment.

15                 **VII. MONETARY JUDGMENT**

16     **IT IS FURTHER ORDERED THAT** a judgment in the amount of ONE

17 HUNDRED THOUSAND DOLLARS ($100,000) is hereby entered against

18 Top Marketing and Annau, and their successors and assigns.  Based

19 on the sworn representations of Top Marketing and Annau in their

20 financial disclosure statements dated May 21, 1998 and the

21 attachments thereto ("Balance Sheet as of December 31, 1997,"

22 "Profit and Loss October through December 1997," "Balance Sheet as

23 of May 20, 1998," and "Profit and Loss January 1 through May 20,

24 1998") hereinafter together designated "Financial Disclosure

25 Statements," payment of the foregoing monetary judgment is waived

26 except for TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500), contingent

27 upon the accuracy and completeness of the Financial Disclosure

28 Statements.  Top Marketing and Annau are jointly and severally

1 responsible for paying the monetary judgment.

2     Top Marketing and Annau shall make the required payment by

3 certified or cashier's check to plaintiff by January 15, 1999 or

4 the date of entry of this Judgment, whichever is later.  In the

5 event of any default in payment, which default continues for ten

6 (10) days beyond the due date of payment, the entire unpaid

7 judgment, together with interest, as computed pursuant to 28 U.S.C.

8 § 1961, from the date of default to the date of payment, shall

9 immediately become due and payable.

10     Plaintiff's agreement to this monetary judgment is expressly

11 premised upon the truthfulness, accuracy, and completeness of the

12 financial condition of Defendants Top Marketing and Annau, as

13 represented in the Financial Disclosure Statements referenced

14 above, which contain material information upon which the plaintiff

15 relief in negotiating and agreeing to the waiver of all but $2,500

16 of the $100,000 monetary judgment.  In all other respects, this

17 Judgment shall remain in full force and effect unless otherwise

18 ordered by this Court.

19     If, upon motion by the Commission, this Court finds that

20 Top Marketing and/or Annau made any material misrepresentation in

21 or omission from the Financial Disclosure Statements, the entire

22 remaining amount of the ONE HUNDRED THOUSAND DOLLARS ($100,000)

23 suspended judgment entered against Top Marketing and Annau will be

24 immediately due and payable.  In connection with any such motion,

25 the only issue shall be whether the financial information

26 Top Marketing and Annau provided in the Financial Disclosure

27 Statements was fraudulent, misleading, inaccurate or incomplete in

28 any material respect.

1      The Commission may apply any or all funds received from

2 Top Marketing and/or Annau pursuant to this monetary judgment, and

3 any interest received thereon, to a consumer redress program and to

4 related administrative expenses; *provided*, however, that if the

5 Commission in its sole discretion determines that a consumer

6 redress program is not feasible, the Commission may pay such funds

7 to the United States Treasury as disgorgement.  Top Marketing and

8 Annau shall have no right to contest the manner of distribution

9 chosen by the Commission.

10      Top Marketing and Annau are hereby required, in accordance

11 with 31 U.S.C. § 7701, to furnish to the Commission their taxpayer

12 identifying numbers (social security number or employer

13 identification number), which shall be used for purposes of

14 collecting and reporting on any delinquent amount arising out of

15 their relationship with the government.

16      For purposes of this Paragraph, and any subsequent proceedings

17 in this cause, Top Marketing and Annau waive any right to contest

18 any of the allegations of plaintiff's Complaint.

19      **VIII.  ALLEGATIONS IN THE COMPLAINT TAKEN AS TRUE**

20      **IT IS FURTHER ORDERED THAT** the facts as alleged in the

21 Complaint filed with this Judgment shall be taken as true in any

22 subsequent litigation filed by the FTC to enforce its rights under

23 this Judgment, including its claim for monetary relief.

24      **IX. PRODUCTION OF SALES RECORDS**

25      **IT IS FURTHER ORDERED THAT** within 30 days after the entering

26 of this Judgment, Top Marketing and Annau, as well as their

27 successors and assigns, shall provide to the FTC a description of

28 the available records regarding their sales of The Laundry Solution

1  and The SuperGlobe from January 1, 1996 to the date of entry of
2  this Stipulated Final Judgment, in order for the FTC to design a
3  redress plan.  Top Marketing and Annau shall assist the FTC, and
4  its agents, in locating and producing all records necessary to
5  conduct the proposed claims procedure, including, but not limited
6  to, records identifying the names, addresses, and telephone numbers
7  of consumers who paid for goods from January 1, 1996, the amount
8  the consumer paid, and the amount of any price reduction negotiated
9  by the consumer.

10                    **X.  ORDER DISTRIBUTION**

11       **IT IS FURTHER ORDERED THAT**, for a period of 5 years from the
12  date of this Judgment, Top Marketing and Annau, as well as their
13  successors and assigns, shall send a copy of this Judgment to all
14  their current and future principals, officers, directors, and
15  managers and to all their current and future agents, employees,
16  distributors, and independent contractors having responsibility
17  with respect to this Judgment's subject matter, and shall secure
18  from each such person a signed statement acknowledging receipt of
19  the Judgment. Top Marketing and Annau shall deliver this Judgment
20  to current personnel within 30 days of the entry of this Judgment,
21  and to future personnel within 30 days after the person assumes
22  such position or responsibilities.  Within 60 days of entry of this
23  Judgment, Top Marketing and Annau shall file with the Federal Trade
24  Commission an affidavit setting forth the fact and manner of their
25  compliance, including the name and title of each person to whom a
26  copy of the Judgment has been provided, and a copy of their
27  acknowledgment.

28

## XI.  RECORDKEEPING

**IT IS FURTHER ORDERED THAT** for a period of 5 years from the date of entry of this Judgment, Top Marketing and Annau shall create and maintain:

      A.  Records sufficient to demonstrate compliance with the provisions of this Judgment, including but not limited to:

            (1)  All advertisements and promotional materials for any laundry or cleaning products offered for sale by Defendants;

            (2)  All materials that were relied upon in disseminating any representation covered by this Judgment; and

            (3)  All tests, reports, studies, surveys, demonstrations, or other evidence in their possession or control that contradict, qualify, or call into question any representation covered by this Judgment, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations;

      B.  Records containing the name, address, and telephone number of each consumer who purchases products from Defendants either directly or though any third party;

      C.  A record of each written consumer complaint (including complaints referred from any third party, such as any office of the Better Business Bureau or any State Attorney General), and each refund request received by any named defendant, including:

            (1)  The consumer's name, address, telephone number and the dollar amount paid by the consumer;

1          (2)   The consumer's written complaint or refund

2    request and the date the complaint or refund request was received;

3          (3)   The basis of the complaint or refund request,

4    if known, and the nature and result of any investigation conducted

5    as to the complaint;

6          (4)   The response to the complaint or refund request

7    and the date of the response; and

8          (5)   The final resolution, the date of the

9    resolution, and, in the event of a denial of a refund request, the

10   reason for the denial; and

11        D.    With regard to complaints or refund requests

12   received by telephone, Top Marketing and Annau shall develop and

13   maintain a program to create and maintain the same information as

14   identified in Parts C.(1) through C.(5) of this Paragraph above.

15              **XII.   ACCESS TO BUSINESS PREMISES**

16        **IT IS FURTHER ORDERED THAT** for a period of 5 years from the

17   date of entry of this Judgment, for purposes of determining or

18   securing compliance with this Judgment, Top Marketing and Annau

19   shall:

20        A.    Upon reasonable written notice by any representative

21   of the Commission, permit representatives of the Commission access

22   during normal business hours to the offices of any business owned

23   or controlled in whole or in part by any one or all of them to

24   inspect and copy all documents relating in any way to any conduct

25   subject to this Judgment;

26        B.    Upon written request by any representative of the

27   Commission produce documents on 30 days' notice concerning any

28   conduct subject to this Judgment;

1        C.   Top Marketing and Annau, their officers, directors,

2   and employees, shall appear within 30 days' notice to be deposed

3   concerning any conduct subject to this Judgment, or within such

4   time as is jointly agreed to by the counsel for the Commission and

5   counsel for Top Marketing and Annau, if they have counsel; and

6        D.   The Commission may otherwise monitor compliance with

7   this Judgment by all lawful means available, including the use of

8   investigators posing as consumers, distributors or vendors.

9                        **XIII.  MONITORING**

10       **IT IS FURTHER ORDERED THAT** for a period of 5 years from the

11  date of entry of this Judgment, Annau shall promptly inform the

12  Commission by written notification at least 30 days in advance, or

13  in the case of involuntary termination of employment, within 30

14  days of such termination, of:

15       A.   Any change in his residential address, occupation,

16  place of business, or place of employment;

17       B.   Any change in the name, address, type of business,

18  or identity of each company, corporation, partnership, or business

19  owned or controlled directly or indirectly by him;

20       C.   Any proposed change in any company, corporation,

21  partnership, or business that is owned or controlled, directly or

22  indirectly, by him including, but not limited to, dissolution,

23  assignment, or sale resulting in the emergence of a successor

24  corporation, the creation or dissolution of subsidiaries, or any

25  other change in his business relationship(s) that may affect

26  compliance obligations arising out of this Judgment;

27       D.   His affiliation with a new business or employment

28  that involves the advertising, promotion, offering for sale, sale,

or distribution of laundry or cleaning products, including a
description of such business, the business address, and of his
interest in and duties in connection with such business or
employment;

E.    The formation of any corporation, sole
proprietorship, partnership, or independent consulting business or
any other business entity that is engaged directly or indirectly in
the advertising, promotion, offering for sale, sale, or
distribution of laundry or cleaning products, in which he is or is
to become an officer or director, or in which he is or is to become
a holder of 10% or more of the stock; and

F.    Any termination or suspension of business operations
by him, the resumption of business operations, or any termination,
suspension or establishment of any type of consulting relationship
with any third party relating to the advertising, promotion,
offering for sale, sale, or distribution of laundry or cleaning
products.

**XIV.   NOTIFICATION OF CHANGES IN BUSINESS STRUCTURE**

**IT IS FURTHER ORDERED THAT** Defendant Top Marketing, its
successors and assigns, shall notify the Associate Director,
Division of Enforcement, Bureau of Consumer Protection, Federal
Trade Commission, Washington, D.C. 20580, at least 30 days prior to
any change in the business of Top Marketing, including, but not
limited to, merger, incorporation, dissolution, assignment, sale
resulting in the emergence of a successor corporation, the creation
or dissolution of a subsidiary or parent, or any other change that
may affect Top Marketing's obligations under this Judgment.

28

1                         **XV. NOTICES**

2     **IT IS HEREBY ORDERED THAT** all notifications required of

3 Top Marketing and Annau, their successors and assigns, by this

4 Judgment, or concerning this Judgment, shall be sent to the

5 following address:

6                             Associate Director
                           Division of Enforcement

7                            Federal Trade Commission
                           Washington, D.C.  20580

8

9                 **XVII. CONTINUING JURISDICTION**

10     **IT IS HEREBY ORDERED THAT** this Court shall retain jurisdiction

11 of this matter for purposes of construction, modification, and

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1 enforcement of this Judgment.

2

3 **SO ORDERED,** this 14th day of May , 1999 in Tampa,

4 Florida.

5

6 _____
THE HONORABLE
UNITED STATES DISTRICT JUDGE

7

8      The parties hereby consent to the terms and conditions set
forth above and consent to entry of the Final Judgment without
9 further notice to the parties.  Each party to this Judgment hereby
agrees to bear its own costs and attorneys fees incurred in
10 connection with this action.

11 FEDERAL TRADE COMMISSION

12

13 _Constance M. Vecellio_
Constance M. Vecellio
14 Pablo M. Zylberglait

15

16 _____          _____
Defendant Erwin R. Annau
Counsel for plaintiff                          on behalf of himself
17 Federal Trade Commission
Washington, DC 20580
18 202-326-3143;3222

19

20 _Thayer C. Lindauer_                          _____
Thayer C. Lindauer, Esq.                       Defendant Erwin R. Annau on
21 Counsel for Top Marketing                     behalf of Top Marketing Business
Business Consulting, Inc.                       Consulting, Inc.
22 and Annau

23

24

25

26

27

28

STIPULATED FINAL JUDGMENT, p. 15 of 15